UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-CV-483

KENNETH BELCHER,                                                                PETITIONER,

v.                                              **OPINION AND ORDER**

JOHN MOTLEY, Warden,                                                          RESPONDENT.

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

On September 6, 2005, petitioner Kenneth Belcher filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Consistent with local practice, this matter was referred to the United States Magistrate Judge for consideration.

The Magistrate Judge filed a Report and Recommendation [DE #11] on January 13, 2006. Based on a review of the state court record and the applicable case law relevant to federal habeas corpus petitions, the Magistrate Judge concluded that the Petitioner is not entitled to federal habeas corpus relief. Accordingly, the Magistrate Judge recommends that the petition for the writ of habeas corpus [DE #1] be denied and that Respondent's Motion for Summary judgment [DE #6] be granted, and that this action be dismissed and stricken from the docket. Alternatively, the Magistrate Judge states that the Court may hold the petition in abeyance until final review of Petitioner's motion to vacate, set aside or correct his sentence under Ky. Rule of Criminal Procedure 11.42 in state court is concluded. Because Petitioner's 11.42 motion does not raise the same issues that are before this Court, the Court will not hold this matter in abeyance.

This Court must make a *de novo* determination of those portions of the Magistrate Judge's proposed report and recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C).

On January 20, 2006, Respondent filed objections [DE #12] in which he argued that

Petitioner's Fourth Amendment claim regarding the legality of a search was not cognizable on habeas corpus review and, thus, the Magistrate Judge erred in reviewing this claim on the merits. With his Fourth Amendment claim, Petitioner argues that the Kentucky Supreme Court should not have affirmed the trial court's denial of his motion to suppress certain guns and ammunition. Petitioner argues the guns and ammunition were found pursuant to an unconstitutional search.

Federal courts will not address a Fourth Amendment claim upon habeas review if the petitioner had a full and fair opportunity to litigate the claim in state court and the presentation of the claim was not thwarted by any failure of the state's corrective processes. *Stone v. Powell,* 428 U.S. 465, 494-95 (1976). A court must perform two distinct inquiries when determining whether a petitioner may raise a claim of illegal arrest in a habeas action. First, the "court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Machacek v. Hofbauer,* 213 F.3d 947, 952 (6th Cir.2000) (quoting *Riley v. Gray,* 674 F.2d 522, 526 (6 Cir.1982)).

Petitioner challenged the legality of the search and seizure prior to trial. The trial court held an evidentiary hearing and then denied the motion to suppress. Petitioner again raised this issue on direct appeal. The Kentucky Supreme Court reviewed the Fourth Amendment issue and concluded that Petitioner was not entitled to relief. While Petitioner challenges the state courts' handling of his claim and their resulting decisions, he has not shown that the procedures were flawed such that he was unable to properly litigate the Fourth Amendment issue.

Thus, the record shows that Kentucky has a procedural mechanism which presents an adequate opportunity for a criminal defendant to raise a Fourth Amendment claim. Petitioner has not

2

shown that a failure of that procedural mechanism prevented him from litigating his claim. Accordingly, his claim concerning the validity of the search and seizure is not cognizable on habeas review pursuant to *Stone v. Powell*. The Report and Recommendation is hereby modified to reflect that Petitioner's Fourth Amendment claim is not cognizable on habeas review.

On January 25, 2006 Petitioner filed objections [DE #13] to the Magistrate Judge's Report and Recommendation in which he states that he "fully objects to all fact finding, legal conclusion recommendations and insists upon a *de novo* determination by the court." This is a general objection and the district court need not provide *de novo* review where objections to the Report and Recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

Nevertheless, the Court has performed a *de novo* review of the Magistrate Judge's report and recommendation and, with the exception of the Magistrate Judge's conclusions of law regarding the Petitioner's Fourth Amendment claim as discussed above, hereby adopts the Magistrate Judge's proposed findings of fact and conclusions of law.

Accordingly, the HEREBY ORDERS as follows:

(1)  the Magistrate Judge's Report and Recommendation [DE # 11] is hereby MODIFIED to reflect that the Petitioner's Fourth Amendment claim is not cognizable on habeas review for the reasons stated above;

(2)  the Report and Recommendation is otherwise ADOPTED as the Opinion of this Court;

(3)  Respondent's Motion for Summary Judgment [DE # 6] is GRANTED;

(4)  Petitioner's Petition for a Writ of Habeas Corpus [DE #1] is DENIED; and

(5) judgment will be entered contemporaneously with this opinion and order in favor of Respondent.

This the 13th day of September, 2006.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge